E-FILED
Tuesday, 07 April, 2026  03:07:57 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

MISTI SMITLEY,

      **Plaintiffs,**

v.

**CITY OF GEORGETOWN, et al.,**

      **Defendants.**

**Case No. 24-2284**

## ORDER

Upon request of the parties, by counsel, and the Court being otherwise sufficiently advised,

**IT IS ORDERED HEREIN AS FOLLOWS:**

1.  This matter is scheduled for a settlement conference by personal appearance before the undersigned on **May 20, 2026, at 10:00 a.m.** Courtroom B, United States Courthouse, 201 South Vine Street, Urbana, Illinois.  Prior to the settlement conference, a confidential call will be held with Plaintiffs' counsel on **May 19, 2026, at 1:30 p.m.,** and defense counsel on **May 19, 2026, at 2:00 p.m.** The call-in number is 551-285-1373, then enter meeting ID 160 593 8546# and participant ID: 1015#.

2.  The settlement conference shall be attended by the parties' lead trial counsel, as well as all parties themselves, or a corporate/carrier representative with full settlement authority.  *See G. Heilman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653-654 (7th Cir. 1989).

3.  By no later than the close of business on **May 15, 2026**, each counsel herein shall advise the undersigned, by separate confidential letter, of the following information:

      (a)    a brief analysis of key issues involved in the litigation;

      (b)    a description of the strongest and weakest legal and factual points in counsel's client's case;

      (c)    a description of the strongest and weakest legal and factual points in the opponent's case, not otherwise addressed in paragraph (b)

       (d)     the specifics of any and all settlement demands and/or offers made to date, including any made prior to the commencement of this action, along with a copy of the written demand or offer submitted to opposing counsel as required in paragraph 5 below;

       (e)     the particular action, if any, which counsel would suggest that the undersigned take at said settlement conference to facilitate the settlement of this action;

       (f)     Plaintiff's counsel shall also itemize all damages claimed and the prospect for recovery as to each item of damages claimed;

       (g)     counsel's preference, if any, for evaluative or facilitative approach to mediation;

       (h)     the settlement proposal that counsel's client believes would be fair; and

       (i)     the settlement proposal that counsel's client would be <u>willing</u> to make in order to conclude the matter and stop the expense of litigation.

4.    These separate confidential letters to the undersigned shall be emailed (long@ilcd.uscourts.gov), faxed (217-373-5840), or mailed to the following address:  Room 338 United States Courthouse, 201 South Vine Street, Urbana, Illinois, 61801.  To facilitate candor, and to protect counsels' work product immunity, the letter shall <u>not</u> be served upon opposing counsel and shall <u>not</u> be filed.  The undersigned will maintain the confidentiality of all such correspondence and the information contained therein.

5.   **At least fourteen (14) days prior to the conference**, counsel shall engage in meaningful settlement discussions which, at a minimum, shall include a reasonable demand by the plaintiff(s) and a reasonable offer by the defendant(s).  Failure to make such a demand/offer will result in cancellation of the conference by the Court.  During or prior to these discussions, counsel for Plaintiff(s) shall provide counsel for Defendant(s) with a written breakdown of any demand for money damages. Likewise, counsel for Defendant(s) shall provide counsel for Plaintiff(s) with a written offer and brief statement of reasons for the offer. The settlement discussions between counsel should include an identification by each side of the witnesses who will be called at trial, a summary of their anticipated testimony, and a detailed description of any other evidence supporting the party's position with respect to both liability and damages.  If a party's settlement position is based in whole or in part upon the opinion of a physician or other expert, such opinion, along with any written report by the physician or expert, shall be disclosed to opposing party.  Counsel are encouraged to make a concerted effort to settle the case on their own prior to the formal settlement conference.

ENTERED this 7th day of April, 2026.

                           s/ERIC L. LONG
                          U.S. MAGISTRATE JUDGE